IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JEFFREY H. EASTMAN,          )
                                     )
     Plaintiff,              )
                                     )
     v.                     )          Case No.   18-cv-602-SMY-RJD
                                     )
VENERIO SANTOS, et al.,        )
                                     )
     Defendants.           )

**ORDER**

**DALY, Magistrate Judge:**

Plaintiff Jeffrey H. Eastman, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), filed this lawsuit under 42 U.S.C. § 1983 alleging his constitutional rights were violated while he was incarcerated at Centralia Correctional Center ("Centralia"). Relevant to his claims pending in this matter, Plaintiff alleges he suffers from a congenital deformity that causes his bones and ankles to become misaligned and collapse when bearing weight. This condition causes Plaintiff pain and difficulty walking. These issues are only alleviated when Plaintiff wears braces that hold his ankles and feet in alignment. Plaintiff is proceeding in this action on the following claims (as enumerated in the Court's screening order at Doc. 7):

> Count Three: Santos, Mueller, Kink, Stock, Krebs, Downes, Johnson, McAbee, Walker, Zelasko, Webman, and Lahr showed deliberate indifference to Plaintiff's serious medical need involving a deformity and arthritis in his feet and pain associated therewith in violation of the Eighth Amendment.

> Count Five: IDOC violated the Americans with Disabilities Act and the Rehabilitation Act by failing to accommodate Plaintiff's needs related to a deformity and arthritis in his feet.

This matter is before the Court to address the following motions:

- Plaintiff's Motion for Leave to File an Amended Complaint (Doc. 93)

- Plaintiff's Complaint to the Court and Motion (Request) for Intervention (Doc. 95)

- Plaintiff's Request for Subpoena of Documents (Doc. 96)

- Plaintiff's Motion to Compel (Doc. 101)

- Plaintiff's Motion Requesting Assistance in taking Depositions (Doc. 102)

- Plaintiff's Motion for Recruitment of Counsel (Doc. 106)

- Plaintiff's Motion for Extension of Time for Discovery and Dispositive Motions (Doc. 107)

- Plaintiff's Motion to Toll Proceedings to Resolve Issues (Doc. 110)

- Plaintiff's Motion for Issuance of Subpoenas (Doc. 111)

- IDOC Defendants' Motion for Protective Order (Doc. 116)

- IDOC Defendants' Motion to Amend the Scheduling Order (Doc. 128)

- Plaintiff's Motion to Toll Deadline for Dispositive Motions Until All Discovery is Resolved and Received (Doc. 131)

- Plaintiff's Motion for Leave of Court to File Amended Complaint (Second) at Close of Discovery/Resolutions (Doc. 134)

- Defendant Santos' Joinder in Motion to Amend the Scheduling Order (Doc. 135)

- IDOC Defendants' Motion for Extension of Time to File a Dispositive Motion (Doc. 137)

The Court has reviewed the aforementioned motions and any responses thereto and sets forth its rulings as follow.

1. **Plaintiff's Request for Leave of Court to File Amended Complaint (Doc. 93)**

In this motion, Plaintiff seeks leave to amend his complaint to add Dr. Stephen Ritz as a defendant. In his proposed amended complaint, Plaintiff alleges Dr. Ritz acted with deliberate

indifference to his medical condition in denying him access to a specialist and proper care on April 30, 2018 during a collegial review with Dr. Santos.

Federal Rule of Civil Procedure 15(a) provides that a party may amend a pleading and that leave to amend should be freely given "when justice so requires." The Seventh Circuit maintains a liberal attitude toward the amendment of pleadings "so that cases may be decided on the merits and not on the basis of technicalities." *Stern v. U.S. Gypsum, Inc.*, 547 F.2d 1329, 1334 (7th Cir. 1977). The Circuit recognizes that "the complaint merely serves to put the defendant on notice and is to be freely amended or constructively amended as the case develops, as long as amendments do not unfairly surprise or prejudice the defendant." *Toth v. USX Corp.*, 883 F.2d 1297, 1298 (7th Cir. 1989). A court may also deny a party leave to amend if there is undue delay, dilatory motive or futility. *Guise v. BMW Mortgage, LLC*, 377 F.3d 795, 801 (7th Cir. 2004).

Although filed beyond the Court's deadline of December 21, 2018 for seeking leave to amend, there is no apparent undue delay in Plaintiff's filing. Indeed, Plaintiff asserts that he was not aware of Dr. Ritz's involvement with his medical care until Defendant Santos responded to Plaintiff's interrogatories on March 15, 2019. Moreover, to be disqualifying, delay "must be coupled with some other reason" — typically, prejudice to the nonmoving party. *Dubicz v. Commonwealth Edison Co.*, 377 F.3d 787, 793 (7th Cir. 2004). The Court finds no undue prejudice to Defendants in this circumstance. Indeed, Defendants have not responded to Plaintiff's motion. Because the Court finds Plaintiff's proposed amendments are neither unduly delayed nor futile or brought with dilatory motive, Plaintiff's motion is **GRANTED**.

Plaintiff shall now proceed in this action on the following claims (the enumeration of the counts as set forth below shall be used by the Court and the parties for the remainder of this litigation):

| Count One: | Santos, Mueller, Kink, Stock, Krebs, Downes, Johnson, McAbee, Walker, Zelasko, Webman, Lahr, and Dr. Ritz showed deliberate indifference to Plaintiff's serious medical need involving a deformity and arthritis in his feet and pain associated therewith in violation of the Eighth Amendment. |
|---|---|
| Count Two: | IDOC violated the Americans with Disabilities Act and the Rehabilitation Act by failing to accommodate Plaintiff's needs related to a deformity and arthritis in his feet. |

The Clerk of Court is **DIRECTED** to file Plaintiff's proposed amended complaint as the First Amended Complaint. The Clerk of Court shall prepare for Defendant Dr. Stephen Ritz: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the First Amended Complaint, and this Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure. Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate of service stating the date on which a true and correct copy of any document was served on Defendant or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

## 2. Plaintiff's Complaint to the Court and Request for Intervention (Doc. 95)

In this motion, construed by the Court as a motion to compel, Plaintiff complains that Defendant Santos failed to properly respond to his second set of

"interrogatories/admissions/productions." Plaintiff sets forth two general issues with Defendant Santos' responses. First, Plaintiff contends Santos improperly retitled his requests as only interrogatories so as to avoid responding to any admission requests. Second, Plaintiff contends Santos avoided answering his questions by merely referring to his medical records, which, Plaintiff asserts, are not legible. Plaintiff requests a hearing so Defendants "can explain themselves, and how their objections are necessary." Plaintiff also requests a "resolution for all objections."

In response to Plaintiff's motion, Defendant Santos asserts that Plaintiff failed to meet and confer regarding his issues, in contravention of this Court's order (*see* Doc. 57). Santos also contends that he did not provide responses to any requests to admit as the requests were not filed with the Court in accordance with Local Rule 26(b)(1). Santos further asserts that he responded substantively to each request. Finally, Santos asserts that in regards to the readability of Plaintiff's medical records, it is not clear which item of discovery Plaintiff could not discern. Santos indicates this issue could be addressed in a meet-and-confer.

Plaintiff's Motion is **GRANTED IN PART AND DENIED IN PART**. The Court has reviewed Defendant Santos' responses to Plaintiff's second set of "interrogatories/admissions/productions." The Court finds Santos' responses to the requests were appropriate; however, Santos failed to respond to the portion of the requests that sought admissions. While the Court acknowledges that Local Rule 26.1(b) provides that requests to admit shall be filed with the Clerk of Court, Federal Rule of Civil Procedure 5(d) dictates that requests for admissions must not be filed with the Court and the Advisory Committee Notes on the relevant provision explain that the rule "supersedes and invalidates local rules that forbid, permit, or requiring filing" of requests for admissions. As such, Defendant Santos is **ORDERED**

to provide responses to Plaintiff's requests to admit by **September 30, 2019**[1].   Plaintiff is **ADVISED** that interrogatories, requests to admit, and requests to produce should be served separately to avoid confusion.   The Court will require this moving forward.

Insofar as Plaintiff contends he cannot read certain portions of his medical records, he is **DIRECTED** to meet-and-confer with Defendant to address this issue.

### 3.   Plaintiff's Request for Subpoena of Documents (Doc. 96)

In this motion, Plaintiff asks that the Court subpoena certain documents from Wexford Health.   Plaintiff indicates he does not know how to fill out a subpoena form and he cannot proceed on certain claims in his complaint without the documents he seeks.   Plaintiff's request is **DENIED**.   The Court cannot engage in the practice of law to benefit a party.   Plaintiff may subpoena the records he seeks on his own.   To assist Plaintiff in this endeavor, the Clerk of Court is **DIRECTED** to provide Plaintiff with one subpoena form (AO88B), blank and unsigned. Plaintiff shall complete the form and submit it to the Court for review.   Plaintiff shall take appropriate steps to avoid imposing undue burden or expense on a person subject to the subpoena. Plaintiff is **ADVISED** to review Rule 45 of the Federal Rules of Civil Procedure.

### 4.   Plaintiff's Motion to Compel (Doc. 101)

Plaintiff sets forth numerous issues concerning Defendants' responses to his discovery request in this motion.   Insofar as Plaintiff reiterates the issues set forth in his motion to compel at Doc. 95, said issues have been addressed and will not be set forth again.   The Court addresses Plaintiff's issues concerning the following requests and responses:

---

[1] The Court is mindful that Plaintiff's requests were compound insofar as he framed each request as a request to admit, interrogatory, and a request to produce.   The Court directs Defendant Santos to construe each request as a request to admit and, to the best of his ability, provide an appropriate response, to comply with the Court's Order.

**<u>Venerio Santos, M.D.'s Answers to Interrogatories (*see* Doc. 101-1 at 1-7):</u>**

1. Plaintiff complains that Santos' objection to interrogatory #1 is vague and asserts Santos failed to state specifically how the request meets the criteria to his objection. Plaintiff also indicates he does not know what a protective order is or how to file one. The Court has reviewed Defendant's response and finds it to be appropriate. Issues concerning a protective order will be addressed by the Court in reference to Defendants' motion for protective order. The Court also notes that it is appropriate for Defendant to object to a request while also providing a substantive response subject to his objections. Plaintiff's request to compel a supplemental response to this interrogatory is **DENIED**.

2. Plaintiff complains that Santos' response to interrogatory #2 is improper as it was a request to admit that Santos treated as an interrogatory. Plaintiff further suggests that Defendant's objection was vague and he failed to fully answer the request. Plaintiff's motion to compel a supplemental response to this interrogatory is **DENIED**. Defendant fully and adequately responded to the questions posed. Defendant need not respond to this as a request to admit as it was not served as a request to admit and is included amongst only interrogatories.

3. Plaintiff complains that Santos' objection to interrogatory #6 is vague and does not specify how the request meets the objective criteria. The Court sustains Defendant's objection. Defendant has adequately responded and objected to this request. Plaintiff's motion to compel a supplemental response to this interrogatory is **DENIED**.

4. Plaintiff complains that Santos' objection to interrogatory #7 is vague and does not specify how the request meets the objective criteria. Plaintiff also complains that Santos refers Plaintiff to his medical records, which is not what the request sought. Defendant has

adequately responded and objected to this request. Plaintiff's motion to compel a supplemental response to this interrogatory is **DENIED**. Insofar as Plaintiff cannot read the dates on which he was prescribed pain medication in his medical records, he is directed to meet-and-confer with Defendant.

5. Plaintiff complains that Santos' objection to interrogatory #8 is vague and does not specify how the request meets the objective criteria. Defendant has adequately responded and objected to this request. Plaintiff's motion to compel a supplemental response to this interrogatory is **DENIED**.

**Defendant Mueller's, Kink's, Stock's, Kreb's, Johnson's McAbee's, Downes', Walker's, Zelasko's, Wegman's, and Lahr's Responses to Plaintiff's First Request for Production of Documents (_see_ Doc. 101-1 at 8-16):**

1. Plaintiff complains that Defendants' objection to request #1 is vague and does not specify how it meets the objective criteria. Plaintiff also contends that the items requested cannot be found in the areas Defendants claim. Defendants stand by their objections and also indicate they are not in possession of any such communications. Defendants have adequately responded and objected to this request. Plaintiff's motion to compel a supplemental response to this request to produce is **DENIED**.

2. Plaintiff complains that Defendants' objection to request #2 is vague and does not specify how it meets the objective criteria. Defendants stand by their objections and also indicate they are not in possession of any such communications. Defendants have adequately responded and objected to this request. Plaintiff's motion to compel a supplemental response to this request to produce is **DENIED**.

3. Plaintiff complains that Defendants' objection to request #3 is vague and does not specify how it meets the objective criteria. Plaintiff also contends that the items requested cannot

be found in the areas Defendants claim. Defendants stand by their objections and also indicate they are not in possession of any such communications. Defendants have adequately responded and objected to this request. Plaintiff's motion to compel a supplemental response to this request to produce is **DENIED**.

4. Plaintiff complains that Defendants' objection to request #4 is vague and does not specify how it meets the objective criteria. Defendants stand by their objections and also indicate they are not in possession of any such communications. Defendants have adequately responded and objected to this request. Plaintiff's motion to compel a supplemental response to this request to produce is **DENIED**.

5. Plaintiff complains that Defendants' objection to request #5 is vague and does not specify how it meets the objective criteria. Plaintiff also asserts that x-ray images are only kept in the radiology department, not in medical records, and photographs are held at Taylorville Correctional Center by internal affairs and also cannot be found in the medical records. Plaintiff's motion to compel a supplemental response to this request to produce is **GRANTED IN PART**. Defendants shall provide a supplemental response and provide any photographs and/or copies of x-rays contained in Plaintiff's IDOC medical records of Plaintiff's feet and ankles taken since he has been in the custody of the IDOC (if any) by **September 13, 2019**.

6. Plaintiff complains that Defendants' objection to request #6 is vague and does not specify how it meets the objective criteria. Defendants stand on their objections. Defendants have adequately responded and objected to this request. Plaintiff's motion to compel a supplemental response to this request to produce is **DENIED**.

7. Plaintiff complains that Defendants' objection to request #7 is vague and does not specify

how it meets the objective criteria.   Defendants stand on their objections.   Defendants'
objection was appropriate.   Plaintiff's motion to compel a supplemental response to this
request to produce is **DENIED**.

8. Plaintiff complains that Defendants' objection to request #9 is vague and does not specify
how it meets the objective criteria.   Defendants stand on their objections.   Defendants'
objection was appropriate.   Plaintiff's motion to compel a supplemental response to this
request to produce is **DENIED**.

9. Plaintiff complains that Defendants' objection to request #10 is vague and does not specify
how it meets the objective criteria.   Plaintiff also complains that the medical records are
not legible.   Defendants stand on their objections.   Defendants' objection was
appropriate.   Defendants are not required to provide Plaintiff's medical records in a typed
format.   Plaintiff's motion to compel a supplemental response to this request to produce is
**DENIED**.

10. Plaintiff complains that Defendants' objection to request #11 is vague and does not specify
how it meets the objective criteria.   Plaintiff also contends the request is specific.
Defendants stand on their objections.   Defendants have adequately responded to this
request.   Plaintiff's motion to compel a supplemental response to this request to produce
is **DENIED**.

11. Plaintiff complains that Defendants' objection to request #12 is vague and does not specify
how it meets the objective criteria.   Defendants stand on their objections.   Defendants
have adequately responded to this request.   Plaintiff's motion to compel a supplemental
response to this request to produce is **DENIED**.

12. Plaintiff complains that Defendants' objection to request #13 is vague and does not specify

how it meets the objective criteria. Defendants stand on their objections. Defendants have adequately responded to this request. Plaintiff's motion to compel a supplemental response to this request to produce is **DENIED**.

13. Plaintiff complains that Defendants' objection to request #14 is vague and does not specify how it meets the objective criteria. Plaintiff also asserts Defendants should be required to explain how they are not able to produce the requested documentation. Defendants stand on their response and objections. Defendants have adequately responded to this request. Plaintiff's motion to compel a supplemental response to this request to produce is **DENIED**.

14. Plaintiff complains that Defendants' objection to request #15 is vague and does not specify how it meets the objective criteria. Plaintiff also asserts Defendants should be required to explain how they are not able to produce the requested documentation. Defendants stand on their response and objections. Defendants have adequately responded to this request. Plaintiff's motion to compel a supplemental response to this request to produce is **DENIED**.

15. Plaintiff complains that Defendants' objection to request #16 is vague and does not specify how it meets the objective criteria. Defendants stand on their objections and response. Defendants have adequately responded to this request. Plaintiff's motion to compel a supplemental response to this request to produce is **DENIED**.

16. Plaintiff complains that Defendants' objection to request #17 is vague and does not specify how it meets the objective criteria. Defendants stand on their objections and response. Defendants have adequately responded to this request. Plaintiff's motion to compel a supplemental response to this request to produce is **DENIED**.

17. Plaintiff complains that Defendants' objection to request #18 is vague and does not specify how it meets the objective criteria. Defendants stand on their objections and response. Defendants have adequately responded to this request. Plaintiff's motion to compel a supplemental response to this request to produce is **DENIED**.

18. Plaintiff complains that Defendants' objection to request #19 is vague and does not specify how it meets the objective criteria. Defendants stand on their objections. The Court sustains Defendants' objections. Plaintiff's motion to compel a supplemental response to this request to produce is **DENIED**.

19. Plaintiff complains that Defendants' objection to request #20 is vague and does not specify how it meets the objective criteria. Defendants stand on their objections. The Court sustains Defendants' objections. Plaintiff's motion to compel a supplemental response to this request to produce is **DENIED**.

## Defendant Deborah Zelasko's Response to Plaintiff's First Set of Interrogatories and Admissions (*see* Doc. 101-1 at 17-21):

1. Plaintiff complains that Defendant's objections to interrogatory #2 are vague and do not specify how it meets the objective criteria. Defendant stands on her objections. The Court sustains Defendant's objections. Plaintiff's motion to compel a supplemental response to this interrogatory is **DENIED**.

2. Plaintiff complains that Defendant's objections to interrogatory #3 are vague and do not specify how it meets the objective criteria. Defendant stands on her objections and response. The Court finds Defendant's objections and response to be appropriate. Plaintiff's motion to compel a supplemental response to this interrogatory is **DENIED**.

3. Plaintiff complains that Defendant's objections to interrogatory #4 are vague and do not

specify how it meets the objective criteria. Defendant stands on her objections and response. The Court finds Defendant's objections and response to be appropriate. Plaintiff's motion to compel a supplemental response to this request to produce is **DENIED**.

4. Plaintiff complains that Defendant failed to accurately respond to interrogatory #6, explaining he did not seek a witness list for trial, but rather, requested names of any witnesses Defendant planned on calling to testify, as well as the testimony they would provide. The Court sustains Defendant's objection. The names of witnesses who will testify at trial shall be produced in accordance with Federal Rule of Civil Procedure 26(a)(3). Plaintiff's motion to compel a supplemental response to this interrogatory is **DENIED**.

5. Plaintiff asserts that he is not requesting attorney-client privileged information in his interrogatory #7. The Court sustains Defendant's objection. Plaintiff's motion to compel a supplemental response to this interrogatory is **DENIED**.

**Defendant Robert Wegman's Response to Plaintiff's First Set of Interrogatories and Admissions (*see* Doc. 101-1 at 22-26):**

1. Plaintiff complains that Defendant's objections to interrogatory #2 are vague and do not specify how they meet the objective criteria. Defendant stands on his objections. The Court sustains Defendant's objections. Plaintiff's motion to compel a supplemental response to this interrogatory is **DENIED**.

2. Plaintiff complains that Defendant's objections to interrogatory #3 are vague and do not specify how they meet the objective criteria. Defendant stands on his objections and response. The Court finds Defendant's response to be adequate. Plaintiff's motion to

compel a supplemental response to this interrogatory is **DENIED**.

3. Plaintiff complains that Defendant's objections to interrogatory #4 are vague and do not specify how they meet the objective criteria. Defendant stands on his objections and response. The Court finds Defendant's response to be adequate. Plaintiff's motion to compel a supplemental response to this interrogatory is **DENIED**.

4. Plaintiff complains that Defendant's objections to interrogatory #5 are vague and do not specify how they meet the objective criteria. Defendant stands on his objections and response. The Court finds Defendant's response to be adequate. Plaintiff's motion to compel a supplemental response to this interrogatory is **DENIED**.

5. Plaintiff complains that Defendant failed to accurately respond to interrogatory #6, explaining he did not seek a witness list for trial, but rather, requested names of any witnesses Defendant planned on calling to testify, as well as the testimony they would provide. The Court sustains Defendant's objection. The names of witnesses who will testify at trial shall be produced in accordance with Federal Rule of Civil Procedure 26(a)(3). Plaintiff's motion to compel a supplemental response to this interrogatory is **DENIED**.

6. Plaintiff asserts that he is not requesting attorney-client privileged information in his interrogatory #7. The Court sustains Defendant's objection. Plaintiff's motion to compel a supplemental response to this interrogatory is **DENIED**.

**Defendant Susan Walker's Response to Plaintiff's First Set of Interrogatories and Admissions (Doc. 101 at 27-31):**

1. Plaintiff complains that Defendant's objections to interrogatory #2 are vague and do not specify how they meet the objective criteria. Defendant stands on her objections. The

Court sustains Defendant's objections. Plaintiff's motion to compel a supplemental response to this interrogatory is **DENIED**.

2. Plaintiff complains that Defendant's objections to interrogatory #3 are vague and do not specify how they meet the objective criteria. Defendant stands on her objections and response. The Court finds Defendant's response to be adequate. Plaintiff's motion to compel a supplemental response to this interrogatory is **DENIED**.

3. Plaintiff complains that Defendant's objections to interrogatory #4 are vague and do not specify how they meet the objective criteria. Defendant stands on her objections and response. The Court finds Defendant's response to be adequate. Plaintiff's motion to compel a supplemental response to this interrogatory is **DENIED**.

4. Plaintiff complains that Defendant's objections to interrogatory #5 are vague and do not specify how they meet the objective criteria. Defendant stands on her objections and response. The Court finds Defendant's response to be adequate. Plaintiff's motion to compel a supplemental response to this interrogatory is **DENIED**.

5. Plaintiff complains that Defendant failed to accurately respond to interrogatory #6, explaining he did not seek a witness list for trial, but rather, requested names of any witnesses Defendant planned on calling to testify, as well as the testimony they would provide. The Court sustains Defendant's objection. The names of witnesses who will testify at trial shall be produced in accordance with Federal Rule of Civil Procedure 26(a)(3). Plaintiff's motion to compel a supplemental response to this interrogatory is **DENIED**.

6. Plaintiff asserts that he is not requesting attorney-client privileged information in his interrogatory #7. The Court sustains Defendant's objection. Plaintiff's motion to compel

a supplemental response to this interrogatory is **DENIED**.

**Defendant David Stock's Response to Plaintiff's First Set of Interrogatories and Admissions (Doc. 101 at 32-37):**

1. Plaintiff complains that Defendant's objections to interrogatory #6 are vague and do not specify how they meet the objective criteria. Defendant stands on his objections and response. The Court finds Defendant's response to be adequate. Plaintiff's motion to compel a supplemental response to this interrogatory is **DENIED**.

2. Plaintiff complains that Defendant failed to accurately respond to interrogatory #7, explaining he did not seek a witness list for trial, but rather, requested names of any witnesses Defendant planned on calling to testify, as well as the testimony they would provide. The Court sustains Defendant's objection. The names of witnesses who will testify at trial shall be produced in accordance with Federal Rule of Civil Procedure 26(a)(3). Plaintiff's motion to compel a supplemental response to this interrogatory is **DENIED**.

3. Plaintiff asserts that he is not requesting attorney-client privileged information in his interrogatory #8. The Court sustains Defendant's objection. Plaintiff's motion to compel a supplemental response to this interrogatory is **DENIED**.

**Defendant Ted McAbee's Response to Plaintiff's First Set of Interrogatories and Admissions (Doc. 101 at 38-43):**

1. Plaintiff complains that Defendant's objections to interrogatory #2 are vague and do not specify how they meet the objective criteria. Defendant stands on his objections and response. The Court finds Defendant's response to be adequate. Plaintiff's motion to compel a supplemental response to this interrogatory is **DENIED**.

2. Plaintiff complains that Defendant's objections to interrogatory #4 are vague and do not

specify how they meet the objective criteria. Plaintiff also contends that Defendant cannot refuse to provide a response as to why a wheelchair was not and/or could not be provided on October 10, 2017. Defendant stands by his response. Plaintiff's motion to compel a supplemental response to this interrogatory is **GRANTED**. Defendant is **ORDERED** to supplement his response to this request and, to his knowledge, answer whether Plaintiff was provided a wheelchair or not on October 10, 2017. Said supplement must be served by **September 13. 2019**.

3. Plaintiff complains that Defendant's objections to interrogatory #4 are vague and do not specify how they meet the objective criteria. Defendant stands by his response and objection. The Court finds Defendant's response to be appropriate and **DENIES** Plaintiff's request to supplement the same.

4. Plaintiff asserts that Defendant's objection would only be valid if the Defendant were telling the truth. Defendant stands on his objections. Defendant's objections are sustained. Plaintiff's motion to compel a supplemental response to this interrogatory is **DENIED**.

5. Plaintiff complains that Defendant's objections to interrogatory #6 are vague and do not specify how they meet the objective criteria. Defendant stands on his objections and response. The Court finds Defendant's response to be adequate. Plaintiff's motion to compel a supplemental response to this interrogatory is **DENIED**.

6. Plaintiff complains that Defendant failed to accurately respond to interrogatory #8, explaining he did not seek a witness list for trial, but rather, requested names of any witnesses Defendant planned on calling to testify, as well as the testimony they would provide. The Court sustains Defendant's objection. The names of witnesses who will

testify at trial shall be produced in accordance with Federal Rule of Civil Procedure 26(a)(3). Plaintiff's motion to compel a supplemental response to this interrogatory is **DENIED**.

7. Plaintiff asserts that he is not requesting attorney-client privileged information in his interrogatory #9. The Court sustains Defendant's objection. Plaintiff's motion to compel a supplemental response to this interrogatory is **DENIED**.

## Defendant Robert Mueller's Response to Plaintiff's First Set of Interrogatories and Admissions (Doc. 101 at 44-49):

1. Plaintiff complains that Defendant's objections to interrogatory #2 are vague and do not specify how they meet the objective criteria. Defendant stands on his objections and response. The Court finds Defendant's response to be adequate. Plaintiff's motion to compel a supplemental response to this interrogatory is **DENIED**.

2. Plaintiff complains that Defendant's objections to interrogatory #3 are vague and do not specify how they meet the objective criteria. Defendant stands on his objections and response. The Court finds Defendant's response to be adequate. Plaintiff's motion to compel a supplemental response to this interrogatory is **DENIED**.

3. Plaintiff complains that Defendant's objections to interrogatory #4 are vague and do not specify how they meet the objective criteria. Defendant stands on his objections and response. The Court finds Defendant's response to be adequate. Plaintiff's motion to compel a supplemental response to this interrogatory is **DENIED**.

4. Plaintiff complains that Defendant's objections to interrogatory #5 are vague and do not specify how they meet the objective criteria. Defendant stands on his objections and response. The Court finds Defendant's response to be adequate. Plaintiff's

motion to compel a supplemental response to this interrogatory is **DENIED**.

5. Plaintiff complains that Defendant's objections to interrogatory #6 are vague and do not specify how they meet the objective criteria. Defendant stands on his objections and response. The Court finds Defendant's response to be adequate. Plaintiff's motion to compel a supplemental response to this interrogatory is **DENIED**.

6. Plaintiff complains that Defendant's objections to interrogatory #7 are vague and do not specify how they meet the objective criteria. Plaintiff also asserts wardens have oversight responsibility when inmates are sent outside for medical treatment. Defendant stands on his objections and response. The Court **GRANTS** Plaintiff's motion to compel a supplemental response to this request. Defendant is **ORDERED** to supplement his response and explain his involvement in allowing the transport of inmates to outside medical providers. Said supplement must be served by **September 13. 2019**.

7. Plaintiff complains that Defendant failed to accurately respond to interrogatory #8, explaining he did not seek a witness list for trial, but rather, requested names of any witnesses Defendant planned on calling to testify, as well as the testimony they would provide. The Court sustains Defendant's objection. The names of witnesses who will testify at trial shall be produced in accordance with Federal Rule of Civil Procedure 26(a)(3). Plaintiff's motion to compel a supplemental response to this interrogatory is **DENIED**.

8. Plaintiff asserts that he is not requesting attorney-client privileged information in his interrogatory #9. The Court sustains Defendant's objection. Plaintiff's motion to compel a supplemental response to this interrogatory is **DENIED**.

**Defendant Ann Lahr's Response to Plaintiff's First Set of Interrogatories and Admissions (Doc. 101 at 50-54):**

1. Plaintiff complains that Defendant's objections to interrogatory #2 are vague and do not specify how they meet the objective criteria. Defendant stands on her objections and response. The Court finds Defendant's response to be adequate. Plaintiff's motion to compel a supplemental response to this interrogatory is **DENIED**.

2. Plaintiff complains that Defendant's objections to interrogatory #3 are vague and do not specify how they meet the objective criteria. Defendant stands on her objections and response. The Court finds Defendant's response to be adequate. Plaintiff's motion to compel a supplemental response to this interrogatory is **DENIED**.

3. Plaintiff complains that Defendant's objections to interrogatory #4 are vague and do not specify how they meet the objective criteria. Defendant stands on her objections and response. The Court finds Defendant's response to be adequate. Plaintiff's motion to compel a supplemental response to this interrogatory is **DENIED**.

4. Plaintiff complains that Defendant's objections to interrogatory #5 are vague and do not specify how they meet the objective criteria. Defendant stands on her objections and response. The Court finds Defendant's response to be adequate. Plaintiff's motion to compel a supplemental response to this interrogatory is **DENIED**.

5. Plaintiff complains that Defendant failed to accurately respond to interrogatory #6, explaining he did not seek a witness list for trial, but rather, requested names of any witnesses Defendant planned on calling to testify, as well as the testimony they would provide. The Court sustains Defendant's objection. The names of witnesses who will

testify at trial shall be produced in accordance with Federal Rule of Civil Procedure 26(a)(3). Plaintiff's motion to compel a supplemental response to this interrogatory is **DENIED**.

6. Plaintiff asserts that he is not requesting attorney-client privileged information in his interrogatory #7. The Court sustains Defendant's objection. Plaintiff's motion to compel a supplemental response to this interrogatory is **DENIED**.

**Defendant Lisa Kreb's Response to Plaintiff's First Set of Interrogatories and Admissions (Doc. 101 at 55-60):**

1. Plaintiff complains that Defendant's objections to interrogatory #2 are vague and do not specify how they meet the objective criteria. Defendant stands on her objections and response. The Court finds Defendant's response to be adequate. Plaintiff's motion to compel a supplemental response to this interrogatory is **DENIED**.

2. Plaintiff complains that Defendant's objections to interrogatory #4 are vague and do not specify how they meet the objective criteria. Defendant stands on her objections and response. The Court finds Defendant's response to be adequate. Plaintiff's motion to compel a supplemental response to this interrogatory is **DENIED**.

3. Plaintiff complains that Defendant's objections to interrogatory #6 are vague and do not specify how they meet the objective criteria. Defendant stands on her objections and response. The Court finds Defendant's response to be adequate. Plaintiff's motion to compel a supplemental response to this interrogatory is **DENIED**.

4. Plaintiff complains that Defendant's objections to interrogatory #7 are vague and do not specify how they meet the objective criteria. Defendant stands on her objections and response. The Court finds Defendant's response to be adequate. Plaintiff's motion to

compel a supplemental response to this interrogatory is **DENIED**.

5. Plaintiff complains that Defendant's objections to interrogatory #8 are vague and do not specify how they meet the objective criteria. Defendant stands on her objections and response. The Court finds Defendant's response to be adequate. Plaintiff's motion to compel a supplemental response to this interrogatory is **DENIED**.

6. Plaintiff complains that Defendant's objections to interrogatory #9 are vague and do not specify how they meet the objective criteria. Defendant stands on her objections and response. The Court finds Defendant's response to be adequate. Plaintiff's motion to compel a supplemental response to this interrogatory is **DENIED**.

7. Plaintiff complains that Defendant failed to accurately respond to interrogatory #10, explaining he did not seek a witness list for trial, but rather, requested names of any witnesses Defendant planned on calling to testify, as well as the testimony they would provide. The Court sustains Defendant's objection. The names of witnesses who will testify at trial shall be produced in accordance with Federal Rule of Civil Procedure 26(a)(3). Plaintiff's motion to compel a supplemental response to this interrogatory is **DENIED**.

8. Plaintiff asserts that he is not requesting attorney-client privileged information in his interrogatory #11. The Court sustains Defendant's objection. Plaintiff's motion to compel a supplemental response to this interrogatory is **DENIED**.

**Defendant Kevin Kink's Response to Plaintiff's First Set of Interrogatories and Admissions (Doc. 101 at 61-65):**

1. Plaintiff complains that Defendant's objections to interrogatory #4 are vague and do not specify how they meet the objective criteria. Defendant stands on his objections

and response.  The Court finds Defendant's response to be adequate.  Plaintiff's motion to compel a supplemental response to this interrogatory is **DENIED**.

2.  Plaintiff complains that Defendant's objections to interrogatory #5 are vague and do not specify how they meet the objective criteria.  Defendant stands on his objections and response.  The Court finds Defendant's response to be adequate.  Plaintiff's motion to compel a supplemental response to this interrogatory is **DENIED**.

3.  Plaintiff complains that Defendant's objections to interrogatory #6 are vague and do not specify how they meet the objective criteria.  Defendant stands on his objections and response.  The Court finds Defendant's response to be adequate.  Plaintiff's motion to compel a supplemental response to this interrogatory is **DENIED**.

4.  Plaintiff complains that Defendant failed to accurately respond to interrogatory #7, explaining he did not seek a witness list for trial, but rather, requested names of any witnesses Defendant planned on calling to testify, as well as the testimony they would provide.  The Court sustains Defendant's objection.  The names of witnesses who will testify at trial shall be produced in accordance with Federal Rule of Civil Procedure 26(a)(3). Plaintiff's motion to compel a supplemental response to this interrogatory is **DENIED**.

5.  Plaintiff asserts that he is not requesting attorney-client privileged information in his interrogatory #8.  The Court sustains Defendant's objection.  Plaintiff's motion to compel a supplemental response to this interrogatory is **DENIED**.

## Defendant Stephen Johnson's Response to Plaintiff's First Set of Interrogatories and Admissions (Doc. 101 at 66-70):

1.  Plaintiff complains that Defendant's objections to interrogatory #4 are vague and do

not specify how they meet the objective criteria. Defendant stands by his response. Plaintiff's motion to compel a supplemental response to this interrogatory is **GRANTED**. Defendant is **ORDERED** to supplement his response to this request and, to his knowledge, answer whether Plaintiff was provided a wheelchair or not on October 10, 2017. Said supplement must be served by **September 13. 2019**.

2. Plaintiff complains that Defendant's objections to interrogatory #5 are vague and do not specify how they meet the objective criteria. Defendant stands on his objections and response. The Court finds Defendant's response to be adequate. Plaintiff's motion to compel a supplemental response to this interrogatory is **DENIED**.

3. Plaintiff complains that Defendant's objections to interrogatory #6 are vague and do not specify how they meet the objective criteria. Defendant stands on his objections and response. The Court finds Defendant's response to be adequate. Plaintiff's motion to compel a supplemental response to this interrogatory is **DENIED**.

4. Plaintiff complains that Defendant's objections to interrogatory #7 are vague and do not specify how they meet the objective criteria. Defendant stands on her objections and response. The Court finds Defendant's response to be adequate. Plaintiff's motion to compel a supplemental response to this interrogatory is **DENIED**.

5. Plaintiff complains that Defendant failed to accurately respond to interrogatory #8, explaining he did not seek a witness list for trial, but rather, requested names of any witnesses Defendant planned on calling to testify, as well as the testimony they would provide. The Court sustains Defendant's objection. The names of witnesses who will testify at trial shall be produced in accordance with Federal Rule of Civil Procedure 26(a)(3). Plaintiff's motion to compel a supplemental response to this interrogatory is

**DENIED**.

6. Plaintiff asserts that he is not requesting attorney-client privileged information in his interrogatory #9. The Court sustains Defendant's objection. Plaintiff's motion to compel a supplemental response to this interrogatory is **DENIED**.

## Defendant David Down's Response to Plaintiff's First Set of Interrogatories and Admissions (Doc. 101 at 71-75):

1. Plaintiff complains that Defendant's objections to interrogatory #2 are vague and do not specify how they meet the objective criteria. Defendant stands on his objections and response. The Court finds Defendant's response to be adequate. Plaintiff's motion to compel a supplemental response to this interrogatory is **DENIED**.

2. Plaintiff complains that Defendant's objections to interrogatory #3 are vague and do not specify how they meet the objective criteria. Defendant stands on his objections and response. The Court finds Defendant's response to be adequate. Plaintiff's motion to compel a supplemental response to this interrogatory is **DENIED**.

3. Plaintiff complains that Defendant's objections to interrogatory #4 are vague and do not specify how they meet the objective criteria. Defendant stands on his objections and response. The Court finds Defendant's response to be adequate. Plaintiff's motion to compel a supplemental response to this interrogatory is **DENIED**.

4. Plaintiff complains that Defendant's objections to interrogatory #5 are vague and do not specify how they meet the objective criteria. Plaintiff further contends the request is not a hypothetical. Defendant stands on his objections. The Court sustains Defendant's objections. Plaintiff's motion to compel a supplemental response to this interrogatory is **DENIED**.

5. Plaintiff complains that Defendant failed to accurately respond to interrogatory #7, explaining he did not seek a witness list for trial, but rather, requested names of any witnesses Defendant planned on calling to testify, as well as the testimony they would provide. The Court sustains Defendant's objection. The names of witnesses who will testify at trial shall be produced in accordance with Federal Rule of Civil Procedure 26(a)(3). Plaintiff's motion to compel a supplemental response to this interrogatory is **DENIED**.

6. Plaintiff asserts that he is not requesting attorney-client privileged information in his interrogatory #8. The Court sustains Defendant's objection. Plaintiff's motion to compel a supplemental response to this interrogatory is **DENIED**.

**Defendant Illinois Department of Corrections' Response to Plaintiff's First Set of Interrogatories and Admissions (Doc. 101 at 76-83):**

1. Plaintiff complains that Defendant's objections to interrogatory #5 are vague and do not specify how they meet the objective criteria. Defendant stands on its objections and response. The Court finds Defendant's response to be adequate. Plaintiff's motion to compel a supplemental response to this interrogatory is **DENIED**.

2. Plaintiff complains that Defendant's objections to interrogatory #6 are vague and do not specify how they meet the objective criteria. Plaintiff asserts he is not asking about a Wexford policy, but rather, is inquiring about whether there is an IDOC policy. Defendant stands by its response. Plaintiff's motion to compel a supplemental response to this interrogatory is **GRANTED**. Defendant is **ORDERED** to supplement its response to this request and explain whether a medical provider is required to notify or receive authorization from IDOC personnel to take an inmate to an outside medical provider. Said

supplement must be served by **September 13. 2019**.

3. Plaintiff complains that Defendant's objections to interrogatory #8 are vague and do not specify how they meet the objective criteria. Defendant stands on its objections and response. The Court finds Defendant's response to be adequate. Plaintiff's motion to compel a supplemental response to this interrogatory is **DENIED**.

4. Plaintiff complains that Defendant's objections to interrogatory #9 are vague and do not specify how they meet the objective criteria. Defendant stands on its objections. Defendant's objections are sustained. Plaintiff's motion to compel a supplemental response to this interrogatory is **DENIED**.

5. Plaintiff complains that Defendant's objections to interrogatory #10 are vague and do not specify how they meet the objective criteria. Defendant stands on its objections. Defendant's objections are sustained. Plaintiff's motion to compel a supplemental response to this interrogatory is **DENIED**.

6. Plaintiff complains that Defendant's objections to interrogatory #11 are vague and do not specify how they meet the objective criteria. Defendant stands on its objections. Defendant's objections are sustained. Plaintiff's motion to compel a supplemental response to this interrogatory is **DENIED**.

7. Plaintiff complains that Defendant's objections to interrogatory #12 are vague and do not specify how they meet the objective criteria. Defendant stands on its objections. Defendant's objections are sustained. Plaintiff's motion to compel a supplemental response to this interrogatory is **DENIED**.

8. Plaintiff complains that Defendant's objections to interrogatory #13 are vague and do not specify how they meet the objective criteria. Defendant stands on its objections.

Defendant's objections are sustained. Plaintiff's motion to compel a supplemental response to this interrogatory is **DENIED**.

9. Plaintiff complains that Defendant's objections to interrogatory #14 are vague and do not specify how they meet the objective criteria. Defendant stands on its objections. Defendant's objections are sustained. Plaintiff's motion to compel a supplemental response to this interrogatory is **DENIED**.

10. Plaintiff complains that Defendant failed to accurately respond to interrogatory #15, explaining he did not seek a witness list for trial, but rather, requested names of any witnesses Defendant planned on calling to testify, as well as the testimony they would provide. The Court sustains Defendant's objection. The names of witnesses who will testify at trial shall be produced in accordance with Federal Rule of Civil Procedure 26(a)(3). Plaintiff's motion to compel a supplemental response to this interrogatory is **DENIED**.

11. Plaintiff asserts that he is not requesting attorney-client privileged information in his interrogatory #16. The Court sustains Defendant's objection. Plaintiff's motion to compel a supplemental response to this interrogatory is **DENIED**.

**Defendant Venerio Santos' Response to Plaintiff's First Set of Interrogatories and Admissions (Doc. 101 at 84-89):**

1. Plaintiff complains that Santos did not respond to his request to admit at interrogatory #1. Based on the documents in the record, Plaintiff's request was not captioned as a request to admit. Santos responded to the request as an interrogatory, and Plaintiff's requests were captioned as interrogatories. Accordingly, Plaintiff's motion to compel a supplemental response to this request is **DENIED**.

2. Plaintiff complains that Santos did not respond to his request to admit at interrogatory #2. Based on the documents in the record, Plaintiff's request was not captioned as a request to admit. Santos responded to the request as an interrogatory, and Plaintiff's requests were captioned as interrogatories. Accordingly, Plaintiff's motion to compel a supplemental response to this request is **DENIED**.

3. Plaintiff complains that Santos did not respond to his request to admit at interrogatory #3. Based on the documents in the record, Plaintiff's request was not captioned as a request to admit. Santos responded to the request as an interrogatory, and Plaintiff's requests were captioned as interrogatories. Accordingly, Plaintiff's motion to compel a supplemental response to this request is **DENIED**.

4. Plaintiff complains that Santos did not respond to his request to admit at interrogatory #4. Based on the documents in the record, Plaintiff's request was not captioned as a request to admit. Santos responded to the request as an interrogatory, and Plaintiff's requests were captioned as interrogatories. Accordingly, Plaintiff's motion to compel a supplemental response to this request is **DENIED**.

5. Plaintiff complains that Santos did not respond to his request to admit at interrogatory #5. Based on the documents in the record, Plaintiff's request was not captioned as a request to admit. Santos responded to the request as an interrogatory, and Plaintiff's requests were captioned as interrogatories. Accordingly, Plaintiff's motion to compel a supplemental response to this request is **DENIED**.

6. Plaintiff complains that Santos did not respond to his request to admit at interrogatory #6. Based on the documents in the record, Plaintiff's request was not captioned as a request to admit. Santos responded to the request as an interrogatory, and Plaintiff's requests were

captioned as interrogatories. Accordingly, Plaintiff's motion to compel a supplemental response to this request is **DENIED**.

7. Plaintiff complains that Santos did not respond to his request to admit at interrogatory #7. Based on the documents in the record, Plaintiff's request was not captioned as a request to admit. Santos responded to the request as an interrogatory, and Plaintiff's requests were captioned as interrogatories. Accordingly, Plaintiff's motion to compel a supplemental response to this request is **DENIED**.

**5. Plaintiff's Motion Requesting Assistance in taking Depositions (Doc. 102)**

Plaintiff asks for assistance in taking depositions of a doctor, a mental health psychologist, an orthopedic specialist, a nurse, and others. Plaintiff does not identify who he would like to depose with any particularity. The Court does not identify witnesses for deposition or schedule the same; as such, Plaintiff's motion is **DENIED**. Plaintiff may depose witnesses pursuant to Federal Rules of Civil Procedure 30 and 31. Plaintiff must make all arrangements and serve all necessary notices. The Court notes that discovery must be completed by October 11, 2019.

**6. Plaintiff's Request for Counsel (Doc. 106)**

Plaintiff again seeks assignment of counsel to represent him in this matter. Plaintiff cites issues with discovery, including his difficulty in taking depositions and securing subpoenas. Plaintiff complains about difficulties in receiving documents from Defendants and understanding court procedures. Plaintiff also indicates he suffers from various mental and behavioral conditions. While the Court acknowledges Plaintiff issues concerning discovery and his health conditions, Plaintiff has not provided a compelling reason for the Court to reconsider its previous decisions. Accordingly, Plaintiff's motion is **DENIED**.

**7. Plaintiff's Motion for Extension of Time for Discovery and Dispositive Motions (Doc. 107); Plaintiff's Motion to Toll Proceedings to Resolve Issues (Doc. 110); IDOC Defendants' Motion for Protective Order (Doc. 116); IDOC Defendants' Motion to Amend the Scheduling Order (Doc. 128); Plaintiff's Motion to Toll Deadline for Dispositive Motions Until All Discovery is Resolved and Received (Doc. 131); Defendant Santos' Joinder in Motion to Amend the Scheduling Order (Doc. 135); IDOC Defendants' Motion for Extension of Time to File a Dispositive Motion (Doc. 137)**

In these motions, the parties request various extensions of the discovery and dispositive motions deadlines due to the outstanding discovery disputes addressed above. The IDOC Defendants also ask the Court to enter a protective order requiring them to respond only to Plaintiff's first and second set of discovery requests. In their motion for protective order, Defendants explain Plaintiff served a third set of discovery requests on May 16, 2019. This set was served before Plaintiff had received responses to his second set of discovery requests. Although the Court is mindful of the effort required by Defendants to respond to multiple discovery requests, it does not find that a protective order is warranted. Defendants are **ORDERED** to respond to Plaintiff's third set of requests. However, Defendants need only provide responses to a cumulative total of 25 written interrogatories (per defendant)[2]. Insofar as Defendants have not responded to Plaintiff's third set of discovery requests, such responses must be provided to Plaintiff by **September 30, 2019**.

In light of the discovery issues in this case, the Court finds good cause to amend the Scheduling Order[3] as follows:

---

[2] It is not clear how many interrogatories have been served on each defendant. Pursuant to Federal Rule of Civil Procedure 33, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts.

[3] The Court acknowledges that Plaintiff has been allowed to amend his complaint to add defendant Dr. Ritz. Once Dr. Ritz is served and a responsive pleading is filed, the Court will address discovery and dispositive motions as to this newly-named defendant.

1. Discovery shall be completed by **October 11, 2019**.

2. Dispositive motions shall be filed by **November 8, 2019**[4].

For the foregoing reasons, the motions for extension of time (Docs. 107, 128, 137) are **GRANTED**, Plaintiff's motions to toll the proceedings are **DENIED** (Docs. 110 and 131), IDOC Defendants' Motion for Protective Order (Doc. 116) is **DENIED**, and Defendant Santos' Motion to Amend the Scheduling Order (Doc. 135) is **MOOT**.

## 8. Plaintiff's Motion for Issuance of Subpoenas (Doc. 111)

Plaintiff submitted two subpoenas for issuance. Plaintiff's request for his subpoena directed to Verizon for phone records belonging to Janet Beppler is **DENIED**. Ms. Blepper is not a defendant in this action and there has been no showing that subpoenaing Blepper's phone records is relevant or appropriate in this case. Plaintiff's request for issuance of a subpoena directed to Carle Foundation Hospital for any records related to treatment for his feet and ankles is **GRANTED**. The Clerk of Court is **DIRECTED** to sign this subpoena and send it back to Plaintiff. Plaintiff is **ADVISED** that he is responsible for serving the subpoena in accordance with Federal Rule of Civil Procedure 45, and he is also responsible for paying the associated costs - even though the Court has found him to be indigent. *See Armstead v. MacMillian*, 58 F.Appx 210, 213 (7th Cir. 2003) (unpublished) (District courts do not have statutory authority to waive witness fees for indigent civil litigants ).

## 9. Plaintiff's Motion for Leave of Court to File Amended Complaint (Second) at Close of Discovery/Resolutions (Doc. 134)

In this motion, Plaintiff asks for leave to amend his complaint after all discovery and discovery disputes are finalized. Plaintiff asserts that allowing him to amend his complaint at the

---

[4] The Court recognizes that Defendant Santos has already filed a motion for summary judgment. Defendant can seek leave to amend his motion if necessary.

conclusion of discovery will provide him the opportunity to obtain all facts and avoid unnecessary amendments. Plaintiff's Motion is **DENIED**. The Court does not grant prospective relief to amend a complaint. Plaintiff is **ADVISED** that the Court will consider any motions for leave to amend pleadings under Federal Rule of Civil Procedure 15, noting that the Seventh Circuit maintains a liberal attitude toward the amendment of pleadings so long as amendments do not unfairly surprise or prejudice the defendant." *Toth v. USX Corp.*, 883 F.2d 1297, 1298 (7th Cir. 1989), and are not unduly delayed or futile or brought with dilatory motive. *Guise v. BMW Mortgage, LLC*, 377 F.3d 795, 801 (7th Cir. 2004)

**IT IS SO ORDERED.**

**DATED: August 29, 2019**

_s/ Reona J. Daly_

**Hon. Reona J. Daly**
**United States Magistrate Judge**