IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JEFFREY H. EASTMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 18-cv-602-RJD |
| | ) | |
| VENERIO SANTOS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

**DALY, Magistrate Judge:**

Plaintiff Jeffrey H. Eastman, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), filed this lawsuit under 42 U.S.C. § 1983 alleging his constitutional rights were violated while he was incarcerated at Centralia Correctional Center ("Centralia"). Relevant to his claims pending in this matter, Plaintiff alleges he suffers from a congenital deformity that causes his bones and ankles to become misaligned and collapse when bearing weight. Plaintiff is proceeding in this matter on claims under the Americans with Disabilities Act and Rehabilitation Act, as well as an Eighth Amendment deliberate indifference claim.

On January 2, 2020, all parties consented to have a Magistrate Judge conduct all proceedings in this case. The case was referred to the undersigned in accordance with 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. At the time of final consent and full referral, various motions filed by Plaintiff seeking review of certain decisions by the District Judge remained pending (Docs. 89, 156, 157, and 158). The Court construes these motions as motions to reconsider under Federal Rule of Civil Procedure 54(b).

Under Federal Rule of Civil Procedure 54(b), the Court may revise any order adjudicating

fewer than all the claims at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties. Motions to reconsider an order under Rule 54(b) are judged largely by the same standards as motions to alter or amend a judgment under Rule 59(e), "to correct manifest errors of law or fact or to present newly discovered evidence." *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987) (citation omitted). "Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996).

1. **Request for Leave of Court to File Untimely Request for Intervention and Review by District Judge (Doc. 97) and Request for Intervention and Review by District Judge (Doc. 89)**

The Court first considers Plaintiff's request for leave of Court to file an untimely request for intervention and review by the District Judge (Doc. 97). Plaintiff's motion is **GRANTED** and the Court will consider Plaintiff's request for intervention and review by the District Judge (Doc. 89). In his request for intervention, Plaintiff asks District Judge Staci M. Yandle to review the undersigned's orders denying his request for appointment of counsel and a medical expert. Plaintiff asserts the decisions were based on clearly erroneous factual findings. Defendants timely objected to Plaintiff's motion (Docs. 91 and 92). As set forth above, the Court will consider Plaintiff's request as a motion to reconsider under Rule 54(b).

In his motion, Plaintiff asserts the undersigned's order (Doc. 82) erroneously found that he understands the procedures of this Court. Plaintiff remarks that "most" of his motions have been denied because he did not follow certain rules and procedures. Plaintiff also takes issue with the Court's finding that it was not apparent discovery would be particularly onerous or complex, noting that Defendants objected to most of his written discovery requests. In his motion, Plaintiff

sets forth various issues with Defendants' objections and responses to his discovery requests. Plaintiff also asserts that a medical expert is necessary because discovery will require the interpretation of x-rays and discussion of medical terminology. Plaintiff posits that if he is not assigned counsel or a medical expert he will be severely prejudiced.

Upon review of Plaintiff's motion and the docket in this matter, the Court does not find any manifest error of law or fact that would undermine its previous decisions. Again, with regard to counsel, the Court finds Plaintiff has been actively engaging in discovery and has been successful, in part, in his requests to compel certain information from Defendants. It is apparent Plaintiff understands this Court's procedure and has been actively engaged in litigating this matter. Further, the Court finds no basis on which to appoint a medical expert. As cited in the Court's previous decision, a court may appoint an expert to help sort through conflicting evidence, but it need not appoint an expert for a party's own benefit or to explain symptoms that can be understood by a layperson. *Turner v. Cox*, 569 F. Appx 463, 468 (7th Cir. 2014). Despite Plaintiff's contentions to the contrary, it is not apparent that the medical condition at issue here (a deformity and arthritis in Plaintiff's feet) is beyond the understanding of a layperson. Further, it is not apparent that there will be conflicting evidence of Plaintiff's medical condition. For these reasons, Plaintiff's motion to reconsider (Doc. 89) is **DENIED**.

2.      **Motion for Review by District Judge for Denial of Counsel (Doc. 156)**

In this motion, Plaintiff asks the Court to reconsider its August 29, 2019 decision denying his request for counsel. Plaintiff asserts the undersigned failed to address all of the claims set forth in his motion, including his difficulty in obtaining deposition testimony, issues with subpoenas, the inability to obtain medical records from his family physician, and difficulty obtaining statements from witnesses. Plaintiff also reiterates he has psychological issues and

learning disabilities. Again, upon review of Plaintiff's motion and the docket in this matter, the Court does not find any manifest error of law or fact that would undermine its previous decision. The Court finds Plaintiff has been actively engaging in discovery and has been successful, in part, in his requests to compel certain information from Defendants. It is apparent Plaintiff understands this Court's procedure and has been actively engaged in litigating this matter. Although litigation may, in some respects, be more difficult in prison, such circumstance is not unique to Plaintiff and does not necessarily warrant recruitment of counsel. Plaintiff's motion to reconsider is **DENIED**.

**3. Request for Review by District Judge of District Court's Denial of Motion to Compel (Doc. 157)**

Plaintiff asks that the Court review the undersigned's August 29, 2019 denial of several requests included in his motion to compel. Plaintiff lists 13 requests that he asserts were erroneously decided. The Court has reviewed the previous Order for those 13 requests and finds no manifest error of law or fact. With regard to the Order's directives concerning Defendant Santos, it is not at all clear what requests Plaintiff is referring to and, given the lack of clarity, the Court declines to reconsider its previous decisions as to any discovery concerning Santos. For these reasons, Plaintiff's motion to reconsider is **DENIED**.

**4. Request for District Judge to Review Denial of Motion Requesting Assistance in Taking Depositions (Doc. 158)**

Plaintiff asks the Court to reconsider its denial of his request for assistance in taking depositions in this case. In his motion, Plaintiff correctly points out that the Court erroneously indicated Plaintiff failed to identify who he was seeking to depose. Plaintiff did not identify any individuals in the body of his motion; however, in his prayer for relief, he asks for assistance in deposing Dr. Garcia, Linda Norris, Dr. Gonzalez, Nurse Hanks, Dr. Baker, Tyram Hall, Peter

Sousan, John Grisham, and Sgt. Boyle. While the Court incorrectly stated that Plaintiff failed to identify who he would like to depose, the undersigned explained that Plaintiff could depose witnesses pursuant to Federal Rules of Civil Procedure 30 and 31. Plaintiff has not set forth with any particularity what further assistance he believes the Court can offer, and it is not clear to the Court what assistance would be appropriate. Accordingly, Plaintiff's motion to reconsider is **DENIED**.

**IT IS SO ORDERED.**

**DATED: January 14, 2020**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**