IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JEFFREY H. EASTMAN, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 18-cv-602-RJD |
| VENERIO SANTOS, et al., | ) |
| Defendants. | ) |

**ORDER**

**DALY, Magistrate Judge:**

This matter is before the Court to address several pending motions filed by the parties (Docs. 174, 176, 184, 185, 189, 192, 193, 200, 203, 212). The Court has reviewed the motions and any responses thereto, and sets forth its rulings as follows.

**1.    Defendant IDOC's Motion to Withdraw Admissions (Doc. 174)**

On April 1, 2019, Defendants received Plaintiff's second requests for written discovery, including requests for admissions. Defendants sought to extend their time to respond to these requests on April 26, 2016 and May 24, 2019. Defendants' motions were granted, and they were to respond to Plaintiff's second set of written discovery by June 21, 2019 (Doc. 100). In the Court's Order, it indicated that no further extensions were likely to be granted. On May 16, 2019, before Defendants' response to Plaintiff's second set of written discovery was due, Plaintiff propounded a third set of discovery requests on Defendants. On June 21, 2019, Defendants Downs, Johnson, Kink, Krebs, Lahr, McAbee, Stock, Walker, Wegman, and Zelasko responded to Plaintiff's second set of interrogatories and requests to admit. Defendant IDOC never responded to Plaintiff's second requests for admissions and notes they are deemed admitted pursuant to Rule

36(b). IDOC does not ask that those admissions be withdrawn.

On May 16, 2019, while Plaintiff's second written discovery requests were pending, Plaintiff propounded a third set of discovery requests on Defendants, including requests for admissions. Defendants asked the Court to enter a protective order requiring them to only respond to Plaintiff's second requests (Doc. 116). Defendants' motion for a protective order was denied, and they were directed to provide responses to Plaintiff's third set of discovery request by September 30, 2019 (Doc. 141). Counsel for IDOC explains that due to an error, a motion requesting additional time to respond to this request was not filed. IDOC asks that the Court withdraw its admissions to Plaintiff's third set of requests to admit due to their failure to respond. Defendant IDOC asserts that its admissions were not intentional and allowing the parties to resolve this matter on the merits serves the interests of justice.

Defendant Illinois Department of Corrections ("IDOC") moves to withdraw its admissions as to Plaintiff's third set of admissions. Pursuant to Federal Rule of Civil Procedure 36(b), an admission may be withdrawn "if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." Defendant IDOC contends that if the admissions stand, it would likely be precluded from presenting its defense in this matter. Defendant also contends Plaintiff would not be prejudiced by allowing the withdrawal as Plaintiff has not sought summary judgment or filed any other motion in reliance on the admissions. Plaintiff agrees, indicating he does not object to allowing Defendants to withdraw their admissions (Doc. 191).

Finding that withdrawal of the admissions at issue would promote the presentation of the merits of this action and would not prejudice Plaintiff, the Court **GRANTS** Defendant's motion. Defendant IDOC shall respond to Plaintiff's third set of requests for admissions instanter.

2. **Defendant IDOC's Motion for Extension of Time to Respond to Plaintiff's Second and Third Set of Interrogatories (Doc. 176)**

Defendant IDOC asks for additional time, up to and including November 27, 2019, to respond to Plaintiff's second and third set of interrogatories. Defendant's responses to Plaintiff's second set of interrogatories were due by June 21, 2019 (*see* Doc. 100), and its responses to Plaintiff's third set of interrogatories were due by September 30, 2019 (*see* Doc. 141). Plaintiff does not object to Defendant's request (Doc. 191). Because it appears there was confusion on the part of Defendant IDOC as to what discovery requests remained pending and when responses to the same were due, the Court finds good cause to allow additional time for IDOC to respond to discovery. Accordingly, Defendant IDOC's motion is **GRANTED**. The deadline that IDOC sought, November 27, 2019 has passed. Accordingly, Defendant IDOC shall file a notice with the Court by **January 24, 2020** indicating whether it has already served its responses to Plaintiff's second and third set of interrogatories. If IDOC has not already served its responses, it shall do so by **January 31, 2020**.

3. **Plaintiff's Motion to Apply Mailbox Rule/Allow for Late Filing (Doc. 184)**

Plaintiff asks the Court to consider documents placed in the mail on November 6, 2019 to be timely filed before the November 8, 2019 deadline. Although Plaintiff has not identified which deadline or documents are at issue, it appears he seeks leave to file his motion for summary judgment on November 18, 2019, beyond the November 8, 2019 dispositive motion deadline. Plaintiff's motion is **GRANTED**. The Court will accept Plaintiff's motion for summary judgment (Doc. 186) as timely.

4. **Plaintiff's Motion to Introduce Photographs as Additional Evidence, in Response to Defendant's Response to Court Order (Doc. 185)**

In this motion, Plaintiff explains he was recently provided with photographs of his feet and

ankles. Plaintiff asks that the Court enter the photographs in evidence, and sanction Defendants for falsely representing they did not possess photographs in response to his written discovery requests.

The Court will consider these photographs as supplemental evidence related to Plaintiff's summary judgment filings. The Court, however, declines to enter any sanctions against Defendants. In response to Plaintiff's discovery requests, Defendants objected to requests for photographs, and, subject to that objection, referred Plaintiff to his medical records, indicating the records would contain any photographs of Plaintiff's feet and ankles. There is no indication that Defendants' response was in bad faith and there is no basis for sanctions. Accordingly, Plaintiff's Motion is **GRANTED IN PART AND DENIED IN PART**.

**5.      Defendant Santos' Motion for Leave to File Additional Pages (Doc. 189)**

Defendant Santos asks for leave to file a 23-page response to Plaintiff's cross motion for summary judgment filed on October 21, 2019. Defendant's Motion is **GRANTED**. The Court will consider the additional pages filed by Defendant Santos in response to Plaintiff's summary judgment motion.

**6.      Plaintiff's Motion to Admit Newly Discovered Evidence (Doc. 192)**

In this motion, Plaintiff indicates he was recently provided six additional photographs of his custom orthotic corrective braces. Plaintiff explains he did not have these photographs at the time he filed his motion for summary judgment and asks that they be incorporated into his motions. Defendants did not respond to this motion. The Motion is **GRANTED**. The Court will consider these six photographs as supplemental evidence related to Plaintiff's summary judgment filings.

**7.    Plaintiff's Motion to Set Separate Scheduling Order for Defendant Stephen Ritz, and Nullify Dispositive Motions filed by Plaintiff as "Premature", or Toll Response Deadline (Doc. 193)**

Plaintiff asks that the Court either dismiss Defendant Ritz's motion for summary judgment without prejudice as "premature," or toll Plaintiff's deadline to respond because he was not able to conduct discovery with this Defendant prior to the motion for summary judgment being filed. Plaintiff correctly explains that Dr. Ritz was added as a defendant in this matter on August 29, 2019.  Dr. Ritz timely filed his answer on November 4, 2019, *after* discovery closed on October 11, 2019.    Dr. Ritz filed his motion for summary judgment on November 8, 2019, and Plaintiff's response was due by December 12, 2019.   Plaintiff now asserts he cannot respond to Defendant's motion without conducting discovery.   Defendant asks the Court to deny Plaintiff's motion, asserting it is unnecessary in light of the allegations against Dr. Ritz and would unnecessarily delay the proceedings.

Plaintiff's Motion is **GRANTED**.   Plaintiff shall be allowed to conduct limited discovery as to Defendant Dr. Ritz.  Any such discovery must be completed by **February 28, 2020**. Accordingly, if Plaintiff seeks to propound written discovery, any such requests must be served on Defendant by **January 29, 2020**.    Plaintiff shall respond to Defendant Ritz's motion for summary judgment by **March 13, 2020**.

**8.    Plaintiff's Motion to Stay Proceedings/Extend Deadline for Counter-Response to Defendant Santos' Response for Further Discovery (Doc. 200)**

Plaintiff asks that the Court allow him to engage in further discovery to obtain more information from Dr. Doug Richie, Jr., who authored an online article submitted by Defendant Dr. Santos in response to Plaintiff's motion for summary judgment.  Plaintiff explains it is in the interest of justice to allow Dr. Richie, whom he characterizes as a new "medical expert," to provide

further information on the custom corrective braces that Plaintiff currently wears. Defendants Ritz and Santos explain that the article was not disclosed in discovery, is cumulative with other evidence, and is submitted only for the general proposition that there is publicly available commentary by podiatrists that Ankle and Foot Orthosis ("AFO") braces are used for adult flat feet. Defendants clarify that the article was not submitted as expert testimony regarding the treatment of Plaintiff, but rather, was submitted to rebut Plaintiff's assertion that Dr. Santos knew AFO braces were "useless" for treating flat feet.

The Court may consider as evidence properly authenticated and admissible documents or exhibits when considering a motion for summary judgment. *Szymankiewicz v. Doying*, 187 F. App'x 618, 622 (7th Cir. 2006) (citations omitted). "To be admissible, documents must be authenticated by an affiant through whom the exhibits could be admitted into evidence." *Id.* Because the article submitted by Defendant Dr. Santos was not properly authenticated and the Court cannot determine a basis on which it would be admissible into evidence, the Court will not consider the same. Accordingly, Doc. 190-1 is **STRICKEN**. As the Court will not consider the article authored by Dr. Richie, Plaintiff's motion to stay proceedings to engage in further discovery regarding Dr. Richie is **DENIED**.

## 9. Plaintiff's Motion to Allow Third-Party to Introduce Supplemental Evidence (Doc. 203)

Plaintiff asks that the Court consider video downloaded by his mother, Janet Beppler, from the website noted in the article authored by Dr. Richie at Doc. 190-1. Because said document is stricken and will not be considered by the Court, Plaintiff's motion is **DENIED**. The Court also notes the video Plaintiff seeks to provide the Court suffers from the same defects outlined above with regard to Dr. Richie's article.

**10.    Plaintiff's Motion for Extension of Time to Reply to Doc. 190 (Doc. 212)**

Plaintiff asks the Court for an additional 30 days to file a reply to Defendant Dr. Santos' response to his cross-motion for summary judgment.   Defendant Santos' response was filed on November 25, 2019.   Plaintiff has had sufficient time to draft a reply, which is limited to 5-pages in length.   Out of an abundance of caution, the Court will provide Plaintiff a brief extension, but he has not shown good cause for a 30-day extension of time.   Plaintiff's reply, if any, shall be filed by **February 3, 2020**.   The Court reminds Plaintiff that pursuant to Local Rule 7.1(c), reply briefs are not favored and should be filed only in exceptional circumstances.   The party filing the reply brief must state the exceptional circumstances.

**IT IS SO ORDERED.**

**DATED: January 22, 2020**

*s/  Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**