IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JEFFREY H. EASTMAN, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )   Case No.   18-cv-602-RJD |
| | ) |
| VENERIO SANTOS, et al., | ) |
| | ) |
|    Defendants. | ) |

**ORDER**

**DALY, Magistrate Judge:**

    Plaintiff Jeffrey Eastman, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), filed this lawsuit pursuant to 42 U.S.C. § 1983 alleging his constitutional rights were violated while he was incarcerated at Centralia Correctional Center ("Centralia"). Plaintiff alleges he suffers from a congenital deformity that causes his bones and ankles to become misaligned and collapse when bearing weight. This condition causes Plaintiff pain and difficulty walking. Plaintiff's First Amended Complaint sets forth the following claims (*see* Docs. 141 and 142):

    Count One: Santos, Mueller, Kink, Stock, Krebs, Downes, Johnson, McAbee, Walker, Zelasko, Webman, Lahr, and Dr. Ritz showed deliberate indifference to Plaintiff's serious medical need involving a deformity and arthritis in his feet and pain associated therewith in violation of the Eighth Amendment.

    Count Two: IDOC violated the Americans with Disabilities Act and the Rehabilitation Act by failing to accommodate Plaintiff's needs related to a deformity and arthritis in his feet.

This matter is now before the Court to address the following motions filed by both Plaintiff and Defendants:

- Plaintiff's Motion for Court to View His Ankles, Foam Insoles, Gel Insoles, and

- Custom Orthotic Richie Braces In Camera for Additional Consideration of Motions for Summary Judgment (Doc. 167)
- Plaintiff's Motion for Appointment of Independent Medical Expert (Doc. 215)
- Plaintiff's Motion for Leave of Court to Use Video Evidence (Doc. 225)
- Defendants Wegman, Walker, McAbee, Downs, Johnson, Krebs, and Stock's Motion to Withdraw Defendants' Admissions to Plaintiff's Third Set of Requests to Admit and Motion to Respond Instanter (Doc. 233)
- Plaintiff's Request for Leave of Court to Use Exhibit "M" as Supplemental Evidence in Support of Appointment of Medical Expert (Doc. 242)
- Plaintiff's Motion for Leave of Court to Amend Undisputed Facts, File Supplemental Brief Based on Newly Provided Evidence, and Submit Newly Provided Evidence on Record (Doc. 246)
- Plaintiff's Motion for Authentication of Exhibits (Doc. 252)
- Plaintiff's Motion to Incorporate all Exhibits (Doc. 253)
- Plaintiff's Motion for Leave of Court to Amend Plaintiff's Statement of Disputed Factual Issues (Doc. 256)

The Court has reviewed the motions, and any responses thereto, and sets forth its decision as to each of the above-mentioned motions below.

**1. Plaintiff's Motion for Court to View His Ankles, Foam Insoles, Gel Insoles, and Custom Orthotic Richie Braces In Camera for Additional Consideration of Motions for Summary Judgment (Doc. 167)**

In this motion, Plaintiff asks the Court to view the foam and gel insoles prescribed by Defendant (presumably Defendant Santos), the custom orthotic Richie braces prescribed by the orthopedic specialist, Dr. Gonzalez, and Plaintiff's feet and ankles using each of these devices, in camera. Plaintiff asserts viewing these items the Court can better understand the level of care provided by Defendant versus the level of care provided by Dr. Gonzalez. Plaintiff's motion is **DENIED**. The Court is not a medical expert and does not engage in the sort of examination suggested by Plaintiff. The parties have had ample time to engage in discovery and have filed their dispositive motions. The Court will rule on the dispositive motions based on the evidence acquired through proper discovery tools.

2. **Plaintiff's Motion for Appointment of Independent Medical Expert (Doc. 215) and Plaintiff's Motion for Leave of Court to Use Exhibit "M" as Supplemental Evidence in Support of Appointment of Medical Expert (Doc. 242)**

In his motion for appointment of an independent medical expert, Plaintiff asserts an independent medical expert should be appointed by the Court to assess Defendant Dr. Santos' claim that the AFO braces he prescribed are the same type of brace as the custom-fitted AFO braces Plaintiff received from an orthopedic specialist. Plaintiff contends an independent medical expert is needed to answer the question of whether the Defendants' brace was designed to correct the congenital condition from which Plaintiff suffers and whether Defendants' prescribed brace was in fact designed for flat feet.

Plaintiff also filed a motion to use exhibit "M" as a supplement in support of his motion for appointment of an expert. Plaintiff asserts that exhibit "M" shows the medical definition of "AFO" is broad and states there are a variety of these external devices that may be applied to the ankle area. Plaintiff posits that exhibit "M" supports his argument that there is plausible evidence of a genuine dispute involving the care provided by Defendant.

First, as set forth below, the Court will not use the video evidence containing exhibit "M", and Plaintiff's request to supplement his motion for an independent medical expert with such evidence is **DENIED**. Moreover, Plaintiff's request for an independent medical expert is **DENIED**. Indeed, the Court reiterates its previous ruling on such request that an independent medical expert is not necessary in this instance to sort through conflicting evidence. There is no indication that the evidence before the Court is beyond a layperson's understanding.

3. **Plaintiff's Motion for Leave of Court to Use Video Evidence (Doc. 225)**

Plaintiff seeks leave of Court to use a video disc containing what he has labeled as exhibits "L" and "M," which contain video of the AFO "dropfoot" brace issued by Defendant (presumably

Dr. Santos), and the AFO corrective Richie brace issued by an orthopedic specialist. The disc also contains the medical definition of "PTTD" (presumably posterior tibial tendon dysfunction) and various ways to correct the condition. Plaintiff posits this evidence should be allowed to rebut the "new and never-before-seen" argument set forth by Dr. Santos in his motion for summary judgment that the AFO braces prescribed by Dr. Santos are generally the same as those prescribed by the orthopedic specialist. Plaintiff asserts that Defendants have been provided a copy of the disc at issue and they have had the opportunity to challenge the accuracy of his evidence.

In response to Plaintiff's motion, Defendants Ritz and Santos contend the video evidence Plaintiff seeks to submit is inadmissible as it has not been properly authenticated. Defendants point to the undersigned's previous order dated January 22, 2020, in which the Court rejected documents submitted by all parties based on their failure to properly authenticate the same (*see* Doc. 220). In addition to not being properly authenticated, Defendants contend the videos are hearsay as they contain out-of-court statements submitted for the truth of the matter asserted. Finally, Defendants submit that the video Plaintiff seeks to introduce is not material to summary judgment. Defendants contend the pertinent issue is not whether non-custom-fitted AFO braces prescribed by Dr. Santos were a favored treatment for flat feet, rather, the question is whether Defendants exhibited deliberate indifference to Plaintiff's feet.

As a preliminary matter, the Court finds it likely that the video Plaintiff submitted for consideration is the same video Plaintiff attempted to have the Court consider in his motion at Doc. 203. Thus, it appears this is an attempt by Plaintiff to have the Court reconsider. The Court is not inclined. The video Plaintiff offers is, as Defendant argues, not admissible as it has not been properly authenticated. As set forth in the Court's previous Order, "[t]o be admissible, documents must be authenticated by an affiant through whom the exhibits could be admitted into

evidence." *Szymankiewicz v. Doying*, 187 F. App'x 618, 622 (7th Cir. 2006) (citations omitted). The video here has not been properly authenticated. The Court also agrees with Defendants' argument that the video constitutes hearsay. For these reasons, Plaintiff's Motion for Leave of Court to Use Video Evidence (Doc. 225) is **DENIED**.

4. **Defendants Wegman, Walker, McAbee, Downs, Johnson, Krebs, and Stock's Motion to Withdraw Defendants' Admissions to Plaintiff's Third Set of Requests to Admit and Motion to Respond Instanter (Doc. 233)**

In this motion, Defendants Wegman, Walker, McAbee, Downs, Johnson, Krebs and Stock explain that through an inadvertent error, they failed to recognize that Plaintiff sent them requests to admit in his third requests for written discovery propounded on May 16, 2019. Defendants explain they previously sought to withdraw the IDOC's admissions to Plaintiff's third set of requests to admit (*see* Doc. 174), which was granted (*see* Doc. 220), but should have also sought to withdraw their admissions.

Pursuant to Federal Rule of Civil Procedure 36(b), an admission may be withdrawn "if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." Defendants contend that if the admissions stand, it would likely be precluded from presenting its defense in this matter. Defendant also contends Plaintiff would not be prejudiced by allowing the withdrawal as Plaintiff has not sought summary judgment or filed any other motion in reliance on the admissions.

Finding that withdrawal of the admissions at issue would promote the presentation of the merits of this action and would not prejudice Plaintiff, and noting Plaintiff did not file a response objecting to Defendants' motion, the motion to withdraw is **GRANTED**. Defendants' admissions are withdrawn, and their responses to Plaintiff's Third Set of Admissions (Docs.

235-241) stand.

5. **Plaintiff's Motion for Leave of Court to Amend Undisputed Facts, File Supplemental Brief Based on Newly Provided Evidence, and Submit Newly Provided Evidence on Record (Doc. 246)**

Plaintiff asks that he be allowed to file an amended statement of undisputed facts to address "new evidence" contained in Defendants' responses to his requests to admit (referenced above), and include citations that he erroneously omitted. Defendants did not respond to Plaintiff's motion. Plaintiff's motion is **GRANTED**. The Clerk of Court is directed to file Plaintiff's amended statement of undisputed facts, which the Court will consider on summary judgment.

6. **Plaintiff's Motion for Authentication of Exhibits (Doc. 252)**

In this motion, Plaintiff identifies and attempts to authenticate numerous exhibits. Although the Court accepts, and therefore, **GRANTS** Plaintiff's motion insofar as it will accept Plaintiff's explanation for the exhibits mentioned, it will consider each exhibit, and issues with admissibility, in its order on the pending motions for summary judgment.

7. **Plaintiff's Motion to Incorporate all Exhibits (Doc. 253)**

Plaintiff asks that the Court apply each of his exhibits across each of the motions and cross-motions for summary judgment. Plaintiff explains that each of the motions and responses thereto relate to the central issue of his medical condition, and, as a result, the exhibits can be applied equally to each of the motions and cross-motions. Plaintiff's motion is **GRANTED**. The Court's order on the pending summary judgment motions will consider the exhibits toward each of the motions and responses thereto.

8. **Plaintiff's Motion for Leave of Court to Amend Plaintiff's Statement of Disputed Factual Issues (Doc. 256)**

Plaintiff asks for leave of Court to submit an amended statement of disputed factual issues

in response to Defendant Dr. Santos' motion.  Plaintiff explains he did not understand he should respond to each fact separately when he filed his original response.  Plaintiff's motion is **GRANTED**.  The Clerk of Court is directed to file Plaintiff's amended statement of disputed factual issues (sent to the Court on March 26, 2020), which the Court will consider on summary judgment.

**IT IS SO ORDERED.**

**DATED: April 23, 2020**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**